IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| vs. | : | CRIMINAL CASE |
| | : | No. 1:05-CR-543 (JEC) |
| RICHARD ONG | : | |

**MOTION FOR BILL OF PARTICULARS
AND BRIEF IN SUPPORT THEREOF**

Comes now, RICHARD ONG, Defendant in the above-styled action, by and through undersigned counsel, and respectfully submits this Motion for a Bill of Particulars and Brief in Support Thereof pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, and requests this Honorable Court enter an Order directing the United States to file a Bill of Particulars to the following matters, persons and places concerning the offense charged in the above-styled indictment. As grounds for this Motion, Defendant shows the following:

(1)

Defendant is charged, along with other co-defendants, in a multi-count superseding indictment charging various drug offenses including conspiracy to possess with intent to distribute narcotics.

(2)

Rule 7(f) of the Federal Rules of Criminal Procedure provides for the filing of a bill of particulars. The purpose of a bill of particulars is to give the defendant more particular information. *United States v. Haas*, 583 F.2d 216 (5th Cir. 1978). The bill of

particulars provides the defendant with information about the details of the charges against him that are necessary to the preparation of his defense and to avoid prejudicial surprise at trial. *United States v. Diecidue*, 603 F.2d 535 (5th Cir. 1979), *cert denied*445 U.S. 946 (1979); *United States v. Bascaro*, 742 F.2d 1335, 1365 (11th Cir. 1984).

(4)

The Motion is not an attack upon the sufficiency of the indictment. The fact that the indictment is valid is not a defense to a motion for a Bill of Particulars, *United States v. Faulkner*, 53 F.R.D. 299, 310 (D. Wis. 1971), inasmuch as the underlying purpose of Rule 7(f) of the Federal Rules of Criminal Procedure is not to cure  defects in the Government's pleadings. In fact, a Bill of Particulars cannot save an invalid indictment. *United States v. Farinas*, 299 F. Supp. 852 (S.D.N.Y. 1969).

(5)

The purposes of a Bill of Particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes. *United States v. Haskins*, 345 F.2d 11, 114 (6th Cir. 1965); *United States v. Francisco*, 575 F.2d 815, 818 (10th Cir. 1978).

(6)

To serve the purposes stated above, Mr. Ong requests that this Court order the Government to disclose the following Particulars:

a.      State all instances in which it is alleged that Mr. Ong possessed narcotics

with intent to distribute as a part of the conspiracy;

b.      State with as much particularity as possible the dates on which each such

possession occurred;

c.      State with as much particularity as possible the quantities possessed on

each occasion, and the total amount of drugs involved;

d.      State with as much particularity as possible, the individuals Mr. Ong was

alleged to have conspired with in the possession the drugs in question.

(7)

In these requests for Particulars, Defendant is not asking the government to reveal

its list of witnesses nor all of the evidence upon which it case is based. Rather, the

Defendant is merely attempting to avoid prejudicial surprise to him at the time of trial.

(8)

A defendant is presumed innocent upon his plea of not guilty and it cannot be

assumed by the Court that the defendant knew the particulars sought in a Motion for Bill

of Particulars. The defendant can only be considered ignorant of the facts on which the

Government founds its charges. *United States v. Tucker*, 262 F. Supp. 305, 307 (S.D.N.Y.

1960). *United States v. Burgio*, 279 F. Supp. 843, 846 (S.D.N.Y. 1968).

WHEREFORE, it is respectfully requested that this Court exercise its sound

discretion and order the United States to provide the particulars requested herein so as to

assure that the Defendant may adequately prepare for trial and avoid prejudicial surprise.

Dated, this the 5th day of May, 2006.

                                        Respectfully submitted,

                                        *s/Sandra Michaels*
                                        SANDRA MICHAELS
                                        State Bar No. 504014

44 Broad Street, N.W.
Suite 202
Atlanta, Georgia 30303
(404) 522-0400
ATTORNEY FOR MR. ONG

## CERTIFICATE OF SERVICE

This is to certify that the foregoing pleading is formatted in Times New Roman, 14 point, in compliance with Local Rule 5.1, electronically filed and served upon:

Stephanie Gabay-Smith, Esq.
Assistant United States Attorney
600 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, GA  30303

Dated this the 5th day of May 2006.

s/Sandra Michaels_____
SANDRA MICHAELS