IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| vs. | ] | CASE NO. 1:05-CR-543-5 |
| | ] | |
| | ] | |
| MINH HO, | ] | |
| | ] | |
| DEFENDANT. | ] | |

REBUTTAL OF GOVERNMENT'S RESPONSE
TO DEFENDANT'S MOTION FOR SEVERANCE

**COMES NOW**, MINH HO, Defendant, by and through his counsel, Scott P. Semrau, and files this rebuttal to the Government's Response to Defendant's Motion for Severance:

Count I of the Indictment charges two or more offenses

Count I of the Government's latest superseding indictment alleges that Mr. Ho participated in a conspiracy in violation of 21 U.S.C.S. § 846 by possessing with the intent to distribute controlled substances under 21 U.S.C.S. § 841(a)(1). Specifically, the conspiracy charge in Count I contemplates the possession and intended distribution of drugs from three categories, each prohibited under Title 21: 1) methamphetamine, under 21 U.S.C.S. § 841(b)(1)(A)(viii); 2) marijuana, under 21 USCS § 841(b)(1)(B)(vii); and 3) MDMA, under 21 U.S.C.S. § 841(b)(1)(C). The punishment afforded in violation of Section 846 is "the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

Count I is duplicitous under Rule 8(a) of the Federal Rules of Criminal Procedure because it charges "two or more separate and distinct crimes in a single count." United

States v. Burton, 871 F.2d 1566, 1573.  However, where a penal statute "prescribes several alternative ways in which the statute may be violated and each is subject to the same punishment . . . the indictment may charge any or all of the acts conjunctively, in a single count, as constituting the same offense." Burton at 1573.

However, contrary to the government's assertion in its Response to Defense Motion to Dismiss, Count I of the indictment does not merely prescribe several alternative ways in which the conspiracy statute may be violated; rather, it contemplates the commission of multiple offenses.  Determining the number of offenses charged in this count is a threshold question the government only glancingly answers in its citation to an Eighth Circuit Court of Appeals case, but in the Eleventh Circuit the test for determining "whether several offenses are involved is whether identical evidence will support each of them, and if any dissimilar facts must be proved, there is more than one offense." United States v. Davis, 730 F.2d 669, 672 (11th Cir. 1984) (holding that two violations of the same statute through the submittal of separate documents on different dates were separate offenses and properly charged in two counts).  Accordingly, a count charging "two violations of the same statute" is duplicitous, though the acts may in fact constitute a continuous transaction.  United States v. Schlei, 122 F.3d 944, 979 (11th Cir. 1997) (a count charging the violation of the securities fraud statute through two separate transactions was duplicitous because each was a separate and distinct prohibited act, although each served to further the general scheme).  Therefore, the inquiry does not end if, as the government claims in its citation to United States v. LaSpesa, 956 F.2d 1027, 1031 (11th Cir. 1992), several people conspire to obtain the same goal through multiple acts.  In order for a single count to avoid duplicity while charging a multiple-act

conspiracy, the conspiracy must, "however diverse its objects . . . violat(e) but a single statute" for which "only the *single penalty* prescribed by the statute can be imposed." United States v. Ramos, 666 F.2d 469, 473 (11th Cir. 1982) (italics added).  Extrapolating this rule in the context of 21 U.S.C.S. § 846, the court in Ramos found only one conspiracy "where the required proof was limited to a lone agreement among the members of one group to consummate a single transaction" involving only one drug.  Id. at 474.  These circumstances were contrasted by the court from those in Siegel v. United States, 484 F. Supp. 553 (S.D.Fla.1980), where two counts were held duplicitous because each involved drug charges – possession or importation of marijuana and cocaine – prescribing separate penalties. Id. at 473.

In the case *sub judice*, Count I of the present indictment duplicitously charges a conspiracy to knowingly and intentionally possess with the intent to distribute MDMA, methamphetamine, and marijuana.  As in Davis and Schlei, multiple violations of a single statute are alleged in one count, where each violation stands on its own as a separate, distinct offense requiring "proof of a fact which the other does not."  Blockburger v. United States, 284 U.S. 299, 304 (1932).  The count in Davis was held duplicitous, though the violations alleged may have constituted the same transaction, because it required proof of the existence of separate documents.  Similarly, the indictment in the present case requires separate proof by the government that each drug offense alleged in Count I transpired; proving marijuana possession will necessarily entail different facts than proving methamphetamine or MDMA possession, as each is a physically different substance and was presumably purchased separately, from separate individuals, on separate dates, and found on separate individuals.  Moreover, as the court found in Siegel,

and the court significantly found absent in <u>Ramos</u>, Count I in the instant case charges separate drug offenses which mandate different penalties.

  For the foregoing reasons, and those presented in Defendant's original Motion to Dismiss, it is respectfully requested that this Court exercise its sound discretion and dismiss Count I of the current superseding Indictment because it combines duplicitous charges.

          Respectfully submitted, this 27th day of February, 2007.

                    /SPS/
                 Scott P. Semrau
                 Ga. Bar No. 637799

The Law Office of
Scott Patrick Semrau
30 Trammell St.
Marietta, Ga. 30064
770-795-7751
Fax 770 795-0595

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on February 27, 2007 I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will automatically send email notification of such filing to the parties in this case.

    This 27th day of February, 2007.

                                                            /SPS/
                                        Scott P. Semrau
                                        Ga. Bar No. 637799

The Law Office of
Scott Patrick Semrau
30 Trammell St.
Marietta, Ga. 30064
(770) 795-7751
Fax(770)795-0595