**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA         &#124; <br>       Plaintiff,                                &#124; <br>                                                 &#124; <br> v.                                                   &#124; <br>                                                 &#124; <br> ANDREW NGUYEN                  &#124; <br>       Defendant.                  &#124; | Criminal Action No:<br>1:05-CR-543 |

**DEFENDANT'S PRELIMINARY MOTION TO SUPPRESS
INTERCEPTED COMMUNICATIONS**

COMES NOW Defendant above-named, by and through undersigned counsel, and pursuant to 18 USC 2518(o)(a)[1] moves to suppress any and all intercepted communications obtained as a result of the multiple wiretaps utilized during the investigation of this case. Defendant has not received all discovery due him in this matter, but has been advised that his voice has been recorded by wiretaps placed by the government during the investigation and/or wiretaps have been placed on phones that are owned or controlled by Defendant. In support of this Motion, Defendant shows as follows:

**I. STANDING**

---

[1] 18 USC 2518(10)(a) provides in pertinent part, as follows:

Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof, may move to suppress the contents of any wire or oral communication...".

L. DAVID WOLFE, P.C. • 135 NASSAU STREET N.W. • ATLANTA, GEORGIA 30303
TELEPHONE 404.524.4338 • FACSIMILE 404.524.2467

1.  Movant has standing to contest the legality of any and all interceptions of his wire/oral communications in that:

[a] Movant is an "aggrieved" person pursuant to 18 USC 2510 *et seq.*, particularly 18 USC 2511, in that, his phones and/or he was the subject of the intercepted communications and he was a party to intercepted communications.  See, *e.g.* H.Rep. No. 1549, 91st Cong. 2nd Sess.; United States v Tucker, 526 F.2d 279, 282 & N. 4 (5th Cir. 1976) (a cognizable "claim" need be no more than a "mere assertion" provided that it is a positive statement that interception was illegal); United States v Pacella, 622 F.2d 640 (2d Cir. 1980); United States v Williams, 580 F.2d 578 (D.C. Cir. 1978).

## II.  REQUIREMENTS ON INTERCEPTION OF PRIVATE COMMUNICATIONS

### A.  Statutory Framework

2.  The fundamental notion behind all wiretapping statutes, whether state or federal, is the protection of privacy rights of citizens from unwarranted invasions by government (or private) intrusions.  See Pavesich v. New England Life Ins. Co., 122 Ga. 190 (50 S.E. 58) (1905) (leading case in which Georgia became the first state to recognize the right to privacy).  To protect that "fundamental" right, both federal and state governments have erected statutory barriers to the interception of

presumptively private conversations.

3. To that end, in 1968 Congress passed Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (19 USC 2510-2521) to conform to the constitutional standards of governing wiretaps prescribed by the Supreme Court in <u>Berger v. New York</u>, 388 U.S. 41 (1967), and <u>Katz v United States</u>, 389 U.S. 347 (1967).  That Act, as amended, requires (at a minimum) the following: a full and complete statement of the alleged offense, the facilities where the communications are to be intercepted, a particular description of the communications sought to be intercepted, the identity of the persons committing the offense and of persons whose communications are to be intercepted, a full and complete statement of whether or not other investigative procedures have been tried and failed or why they appear to succeed or are too dangerous, and a full and complete statement of the period of time for which the interception is to be maintained.  <u>See</u>, <u>e.g.</u> 18 USC 2518(1)(c) and 3(c), <u>United States v. Kahn</u>, 415 U.S. 143, 153, n. 12 (1974); <u>United States v. Giordano</u>, 416 U.S. 505 (1974).  Additionally, any application must include information concerning previous applications involving any of the same persons, facilities or places.  18 USC 2518(1)(e),

4. If presented with an appropriate Application, a court may actually issue a surveillance order for interception of private communications only

if it finds probable cause[3] to believe that (1) a person is committing one of the crimes enumerated in Title III, (2) communications concerning such an offense will be obtained through interception, and (3) the facilities from which the communications are to be intercepted are being used in connection with the offense. 18 USC § 2518 (3)(1), (b) and (d).[4]

5. If the above is met, a court may issue an order which specifies the identity of the person whose communications are to be intercepted, 18 USC 2518(4)(a), and the nature and location of the communications facilities or the place where the interception will occur. 18 USC 2518(b). The order must also specify the type of communication to be intercepted, the particular crime to which it relates, and the length of authorized interception. 18 USC 2518(4)(c) and (e).

6. The order itself must be executed "as soon as practicable" and "terminate upon attainment of the authorized objective". 18 USC 2518(5). Periodic progress reports may also be required. See, 18 USC 2518(6); United States v Van Horn, 789 F.2d 1492, 1499 (11th Cir. 1986).

7. Post-authorization duties attendant to the execution of an interception warrant include, *inter alia*, minimization[5], and timely sealing.[6]

---

[3] The probable cause standard is the same as that used in ordinary search warrants, **see** United States v Green, 40 F.3d 1167 (11th Cir. 1994); United States v Wagner, 989 F.2d 69, 71 (2d Cir. 1993).

[4] Of course, the Court must find that normal investigative techniques have failed, **see infra**.

[5] 18 USC 2518(5); United States v Moody, 977 F.2d 1425 (11th Cir. 1992).

[6] 18 USC 2518(8)(1) and (b); United States v Ojeda Rios, 495 U.S. 257 (1990).

8. Finally, Title III must be strictly construed in favor of privacy interests because Congress intended Title III's procedural controls to be a "pre-condition to the acceptability of any wiretapping at all."[7]

### III. ARGUMENT AND CITATION OF AUTHORITIES

9. Complete discovery has not been received and all of the authorizations and applications for the multiple wiretaps in this case have yet to be reviewed, but Defendant has been notified that the voices of all but one party named in the indictment have been recorded through one or more of the ten different wiretaps established by the government.

10. Defendant therefore believes that his voice and/or communications transmitted over his phone appear in the transcripts of intercepted conversations prepared by the government.

11. In order to preserve his right to contest the admissibility of these intercepted communications, Defendant files this motion, and reserves the right to particularize its content as further discovery is received.

12. Defendant avers that the government has failed to establish probable cause for the issuance of any Order for interception of wire communications in the following particulars:

    (a)        The Affidavits fail to provide probable cause that the target telephones are being used to commit any offenses

            in violation of United States law;

(b)     The Affidavits contain "unsupported hearsay" which does not rise to the level of probable cause; <u>Illinois v. Gates</u>, 462 U.S. 213, (1983);

(c)     The Affidavits contain stale information, and wholly conclusory statements relating thereto;

(d)     The Affidavit contains information that is either deliberately false, misleading and/or mistaken; <u>Franks v Delaware</u>, 438 U.S. 154 (1978);

12.     Said Order, Application, and the Affidavit in Support thereof, fail to meet the provision of 18 USC § 2510 et seq. in the following particulars:

**A.     <u>Persons Intercepted</u>.**

The Orders are invalid on their faces in that they fail to properly specify the persons whose communications may be intercepted. 18 USC 2518(4). This requirement is separate and distinct from the requirements of 2518(1)(b)(iv) (requiring the *application* specify the identity of the persons known to be committing the offense) and 2518(3)(a) (requiring the Judge to find probable cause that an individual is committing a particular offense prior to entering a wiretap order). The Orders *sub judice* fail to specify the identity of the persons whose communications may be

---

[7] The foregoing intricate and well-thought out process may be totally disregarded should the government obtain authorization from the President if he believes a wiretap in this matter is necessary to win the war on terror.

intercepted on the targeted phones.

### C. Separate Telephones

The Applications and Affidavits for wire interception are invalid in that same do not contain sufficient probable cause and necessity for *each telephone*. An application must establish probable cause for each such telephone. See United States v. Carneiro, 861 F.2d 1171, 1176-77 (9th Cir. 1988).

### D. Minimization Portion Of Orders

The Orders themselves fail to contain any minimization component that comports with 18 USC 2518(5). No guidance for minimization appears in the Warrant/Order *sub judice*. Under 2518(5) any interception Order must contain a provision that the interception "be conducted in such a way as to minimize the interception of communications not otherwise subject to interception...".

By permitting the interception of the communications of all unnamed "unknown persons" using the targeted phones, the minimization provisions of 2518 are rendered meaningless.

### E. Minimization During Execution.

Upon information and belief the law enforcement agents failed to comply with the minimization requirements of 18 USC 2518(5), the burden is on the Government to show proper minimization. *United States v .Torres*, 908 F.2d 1417, 1423 (9th Cir. 1990); United States v. Rizzo, 491 F.2d 215, 217 n. 7 (2d Cir.), *cert. denied*, 416 U.S. 990 (1974).

The Government's pervasive and substantial failure to minimize non-pertinent calls as a whole in this case suggests that the Government engaged in an essentially warrantless, general search, warranting the suppression of all intercepted calls. United States v. Suquet, 547 F.Supp. 1034, 1037 (N.D. Ill. 1982).

**F.   Exhaustion.**

The Applications and Affidavits for the wire interception Warrants/Orders were issued in violation of 18 USC 2518(1)(c) and (3)(c). The Affidavits in Support of the Application for the wiretap failed to contain a "full and complete statement as to whether other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 2518(1)(c).

Title III also contains a "necessity" requirement, separate and distinct from its probable cause requirement, which must be satisfied before a wiretap order may be lawfully issued. 18 USC 2518(1)(c), 2518(3)(c). The purpose of the "necessity" requirement is "to ensure that the relatively intrusive device of wiretapping 'is not resorted to in situations where traditional investigative techniques would suffice to expose the crime.'" United States v. Edwards, 69 F.3d 419, 429 (10th Cir. 1995) (quoting United States v. Kahn, 415 U.S. 143, 153 n. 12, 94 S.Ct. 977, 983 (1974). Pursuant to this necessity requirement, each application for an order authorizing interception "shall include...a full and complete statement..." regarding other investigative procedures and any alleged

danger. See 18 USC 2518(1)(c).

That is, any judge reviewing a wiretap application must *independently* determine that the requested wiretap is necessary. Just what are the "other investigative procedures" envisioned by Title III? The Ninetieth Congress noted that:

> [n]ormal investigative procedure would include, for example, standard visual or aural surveillance techniques by law enforcement officers, general questioning or interrogation under an immunity grant, use of regular search warrants, and the infiltration of conspiratorial groups by undercover agents or informants.
>
> Senate Comm. on The Judiciary Report on the Omnibus Crime Control and Safe Streets Act of 1968, S.Rep. No. 90-1097 at 79 (1968), cited in United States v. Castillo-Garcia, 920 F.Supp. 1537, 1545 (D.Colo. 1996).

As one Court noted, for the government obtain an electronic surveillance order, it must "explain fully" in its application what investigative techniques have been tried, and that:

> [g]eneralities, or statements in the conclusory language of the statute, are insufficient to support a wiretap application. The statements must be factual in nature and they must specifically relate to the individuals targeted by the wiretap. United States v. Castillo-Garcia, 117 F.3d 1179, 1188, (10th Cir. 1997).

What the Application does, *sub judice*, is conflate the Affiant's belief that there is probable cause to believe some suspects are engaged in a criminal conspiracy, with the *particularized necessity* for a wiretap. The standard is *necessity*, not *investigatory utility*. Other than conclusory statements no *particularized* facts appear *sub judice*. See also United States v. Ashley, 876 F.2d 1069, 1072 (1st Cir. 1989) (government can't

L. DAVID WOLFE, P.C. • 135 NASSAU STREET N.W. • ATLANTA, GEORGIA 30303
TELEPHONE 404.524.4338 • FACSIMILE 404.524.2467
9

discharge its burden with "bare conclusory statements"); <u>United States v. Leavis</u>, 853 F.2d 215, 221 (4th Cir. 1988) ("mere 'boilerplate recitation of the difficulties of gathering usable evidence'" insufficient to carry burden, specific factual information" is necessary), <u>United States v. Lilla</u>, 699 F.2d 104 (2d Cir. 1983); <u>United States v. Ippolito</u> 774 F.2d 1482, 1486 (9th Cir. 1985); <u>United States v. Robinson</u>, 698 F.2d 448, 453 (D.C. Cir. 1983); <u>United States v. McKinney</u>, 785 F.Supp. 1214, 1220 (D. Md. 1992); <u>United States v. Salemme</u>, 91 F.Supp.2d 141 (D.Mass.) (1999).

**G.   Sealing**.

The sealing of the recorded phone intercepts was not timely made pursuant to 18 USC 2518(8)(a).  <u>United States v. Ojeda-Rios</u>, 495 U.S. 257 (1990).

Movant reserves the right to add and/or supplement the grounds/facts asserted herein either in writing or *ore tenus* before the court upon discovery of additional facts and/or information.

WHEREFORE, based upon the within and foregoing, Defendant moves this Court to suppress any and all evidence of any kind seized based upon the illegal search and seizure of said evidence as described above. This 4th day of January, 2006.

                                      Respectfully Submitted,

                                      s/ L. David Wolfe

                                      L. David Wolfe, P.C.
                                      Georgia Bar No.:  773325
                                      Attorney For Defendant

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
|     Plaintiff, | Criminal Action No: |
| | 1:05-CR-543 |
| v. | |
| | |
| ANDREW NGUYEN | |
|     Defendant. | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing Motion upon the following counsel via electronic transmission or by placing a true and exact copy of the same in the United States Mail with adequate postage affixed thereto to insure delivery, or by hand delivery, addressed as follows:

**Dahil D. Goss, Assistant United States Attorney**
600 United States Courthouse
75 Spring Street
Atlanta, Georgia 30303

This 4th day of January, 2006.

Respectfully Submitted,

s/ L. David Wolfe

L. David Wolfe, P.C.
Georgia Bar No.:  773325
Attorney for Defendant