# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ALTANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** ) | **CRIMINAL ACTION NO.** | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | | |
| **v.** ) | **1:05-CR-543 (8)** | |
| ) | | |
| **PHUONG NGUYEN,** ) | | |
| ) | | |
| **Defendant.** ) | | |
| ) | | |

## DEFENDANT'S AMENDED MOTION
## TO SUPPRESS POST INDICTMENT VOICE IDENTIFICATION

I.

Defendant, PHUONG NGUYEN, has previously requested permission pursuant to Federal Rule of Criminal Procedure 12, to incorporate and adopt each and every motion filed by the co-defendants. More specifically, Defendant would request that Co-Defendant Phuk Tam Banh / Attorney Joe Habachy's Amended Motion to Suppress Post Indictment Voice Identification be adopted in total. Co-Defendant's Motion will supplement Defendant's own Motion (and Amended Motion) to Suppress Post-Arrest and Post-Indictment Voice Identification and Questions.

II.

A defendant's Fifth Amendment rights do not protect the sound of one's voice. Therefore, a defendant can be compelled to provide a voice exemplar without a violation of his or her right to remain silent. However, this lack of protection is limited to where the compelled speech is not testimonial or

PDF created with pdfFactory trial version www.pdffactory.com

communicative in nature.  A voice exemplar that is used to measure certain physical attributes of the defendant's voice is not considered testimonial in nature and is instead considered to be another type of real physical evidence much like a fingerprint or blood.

### III.

The unique factual scenario in this case is that the defendant was in custody and questioned by law enforcement without being notified of any Miranda rights (at least on video).  The defendant was asked innocuous questions that were not testimonial or communicative in nature.  The defendant did not have a lawyer present and spoke to the authorities through the assistance of a translator.  There is no evidence that the government had obtained any type of warrant or court order that would authorize the government to record the defendant's voice in order to later use this recording as physical evidence for use in voice comparison analysis.  Further, there is absolutely no evidence that the defendant had the slightest idea that her voice was being recorded for the purpose of obtaining a voice exemplar that would be used by the government.  Had the defendant been aware of the government's intentions she would have invoked her Fifth Amendment rights to remain silent and then conferred with her attorney after properly being Mirandized.

### IV.

The leading precedent in this area is a Supreme Court case that addressed a factual situation where the defendant was required to provide a voice exemplar. United States v. Dionisio, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973).  That case involved a defendant that refused to comply with a grand jury subpoena that requested the defendant to provide a voice exemplar.  The Court held that the defendant's Fifth Amendment rights were not violated due to the physical nature of the voice exemplar evidence that was requested and the lack of testimonial content. The Court also held that the Fourth Amendment was not violated.  The Court also

PDF created with pdfFactory trial version www.pdffactory.com

noted the lower court's determination that the Sixth Amendment was not violated where the defendant was provided the option to have their attorneys present when the voice recordings were made.

The factual differences between this case and <u>Dionisio</u> are clear.  There is an obvious difference between a voice exemplar that is obtained through the request of a formal grand jury subpoena and an exemplar that is captured as a result of the trickery of a government agent that is taking advantage of a fearful non-English speaking defendant being questioned.  A grand jury historically serves an important role as a barrier that protects ordinary citizens from actions of an over-zealous prosecutor.  In this role, a grand jury should be able to pursue an investigation without outside influences as long as a citizen's legitimate rights are not sacrificed.  However, this type of unfettered discretion should not be granted to a government agent in factual situations that are analogous to this defendant's situation.

V.

This case appears to factually be one of first impression in the 11th Circuit jurisdiction.  In <u>U.S. v. Van Horn</u>, the issue was whether the defense was prejudiced due to a delay in requesting a voice exemplar from the defendant during the trial.  <u>U.S. v. Van Horn</u>, 789 F. 2d 1492 C.A. 11 (Fla.), 1986.  The facts of that case were much different than the facts surrounding this defendant because the issue of timeliness was raised eight weeks into the actual trial proceeding which is a far stretch from an initial interview where the government's intentions are not fully disclosed.  The courts have also held on numerous occasions that a defendant can be compelled to provide a voice exemplar by the prosecution; however, each of these cases involved some sort of order from the court involving grand jury subpoenas or requests.  <u>In re Grand Jury Proceedings</u>, 567 F.2d 281, C.A.5 (Fla.), (1978), <u>In re Grand Jury Proceedings</u>, 558 F.2d 1177, C.A.5 (Tex.), (1977), <u>U.S. v. Shaw</u>, 555 F.2d 1295, C.A.5 (Fla.), (1977).

PDF created with pdfFactory trial version www.pdffactory.com

## VI.

The defendant here suffers because the government's actions in obtaining a voice exemplar were conducted with complete disregard of judicial oversight. The government did not obtain a warrant that authorized the collection of voice evidence based on the review of a detached magistrate. In fact, there was no court order relating to the recording of defendant's voice for evidential purposes at all. Supreme Court and Eleventh Circuit precedent illustrates that the government has the ability to obtain voice exemplars from the defendant. However, given the importance of detail and precision involved in the use of scientific evidence, it is crucial that judicial oversight and attorney involvement be present in order to ensure that Constitutional Rights of defendants are vigorously protected. For these reasons, the recording of defendant's voice without clear explanation of the purpose and given the surrounding circumstances must not be condoned and exemplars resulting from such interrogation must be suppressed.

PDF created with pdfFactory trial version www.pdffactory.com

Respectfully Submitted,


By: /s/ Kirk F. Lechtenberger
     KIRK F. LECHTENBERGER
     Texas Bar No. 12072100

The Rolex Building
2651 N. Harwood, Ste. 530
Dallas, Texas 75201
Fax        214 / 871-3033
Office     214 / 871-1804

Attorney for Defendant
PHUONG NGUYEN


## CERTIFICATE OF SERVICE

I hereby certify that on 06/05/2006, I electronically filed Defendant's Amended Motion to Suppress Post Indictment Voice Identifications) with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

1)    Stephanie Gabay-Smith, AUSA

    400 Richard Russell Building
    75 Spring Street, SW
    Atlanta, Georgia 30303

    DATED:    06/05/2006


By: /s/ Kirk F. Lechtenberger

KIRK F. LECHTENBERGER
Texas Bar No. 12072100

PDF created with pdfFactory trial version www.pdffactory.com