IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION |
| | ) | |
| SCOTT BOOTY | ) | NO. 1:05-CR-543 (JEC) |
| _____ | ) | |

## MOTION TO DISMISS BASED UPON
## IMPROPER JOINDER OF CONSPIRACIES

Comes now, SCOTT BOOTY, Defendant in the above-styled action, by and through undersigned counsel, and respectfully submits that this Court, pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure, should Dismiss Count One Based Upon Improper Joinder of Conspiracies. In support of this Motion, Mr. Booty shows as follows:

(1)

Mr. Booty is one of a number of defendants named in a multi-count superseding indictment alleging various offenses including *inter alia*, conspiracy to possess with the intent to distribute MDMA and conspiracy to possess with the intent to distribute marijuana.

(2)

Through out the duration of this case, multiple Indictments have been returned, in each of which Mr. Booty has only been named in Count I, a conspiracy Count.

(3)

Originally, On November 15, 2005, Mr. Booty was accused of being a co-

conspirator in a conspiracy to possess with the intent to distribute MDMA. *See,* Doc. 1, Count I.[1]

(4)

However, on August 8, 2006, the Government sought and obtained a First Superseding Indictment wherein Mr. Booty was, once again, charged solely in Count I, which alleged a conspiracy to possess with the intent to distribute MDMA.[2] (Doc. 512).

(5)

On December 12, 2006, the Government obtained a Third Superseding Indictment this time alleging in Count I that Mr. Booty and others engaged in *both* a MDMA *and* marijuana conspiracy. (Doc. 640). In this Indictment, there is no separate marijuana conspiracy alleged.

ARGUMENT AND AUTHORITY

"The question of whether initial joinder is proper under Rule 8(b) is to be determined before trial by examination by the trial court of the allegations stated on the face of the indictment." *United States v. Weaver*, 905 F.2d 1456, 1476 (11th Cir. 1990). While Rule 8(b) is to be interpreted broadly in favor of initial joinder, *United States v. Davis*, 773, F.2d 1180, 1181 (11th Cir. 1989), this Court "must first look to the indictment in order to determine if appellants' initial joinder was proper." *United*

---

[1] It should be noted that Count II of the indictment charged a separate marijuana conspiracy which Mr. Booty was not named in.

[2] Again, Count II of the superseding indictment alleged a marijuana conspiracy in which Mr. Booty was not named.

*States v. Weaver*, 905 F.2d at 1477.  Improper joinder will result in the reversal of a conviction if it "results in actual prejudice because it had substantial and injurious effect or influence in determining the jury's verdict."  *United States v. Lane*, 474 U.S. 438, 449 (1986).

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000)the Supreme Court has unequivocally held that any factor that increases the maximum punishment (other than a prior conviction) must be presented to a Grand Jury, contained in an Indictment and proven to a jury beyond a reasonable doubt.  Drug types and quantities are such factors.  See, e.g.,  *United States v. Dowling*, 403 F.3d 1242, 1245-46 (11th Cir. 2005).

In essence, the Indictment as it stands now, charges two distinct offenses that are subject to separate and distinct sentencing calculations, in a single count.  Further, the joinder of these two separate and distinct conspiracies in a single count severely prejudices Mr. Booty, who is, at the Government's very best, a bit player in the conspiracy.  Allowing these two separate offenses to be charged in a single count is violative of Rule 8 and 14, and creates a situation in which Mr. Booty would be denied a fundamentally fair trial in violation of the Fifth Amendment.

WHEREFORE, it is respectfully requested that this Court exercise its sound discretion and dismiss Count I of the current superseding Indictment for improper joinder of two conspiracies into a single count.

Dated, this the 4th day of January, 2007

Respectfully submitted,

*s/Jeffrey L. Ertel*
JEFFREY L. ERTEL
State Bar No. 249966

Federal Defender Program, Inc.
100 Peachtree Street
Suite 1700
Atlanta, Georgia 30303
(404) 688-7530

ATTORNEY FOR MR. BOOTY

CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Local Rule 5.1, the forgoing Motion has been formatted in Times New Roman, 14 Point, has been electronically filed and served upon counsel for the Government at the following:

>    Stephanie Gabbay-Smith, Esq
>    600 Richard B. Russell Building
>    75 Spring Street
>    Atlanta, Georgia 30303

Dated, this the 4th day of January, 2997.

*s/Jeffrey L. Ertel*