IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD TRONG ONG, | : | MOTION TO VACATE |
| BOP ID 03719-049, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-3442-RWS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:05-CR-543-20-RWS |

## ORDER

This matter is before the Court on federal inmate Richard Trong Ong's Objections [1775] to a Final Report and Recommendation ("Final R&R") [1771] recommending denial of his Omnibus Motion [1657] and Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [1668]. The Court notes that Ong requested [1773], and was granted [1774], a twenty-day extension of time to prepare his Objections. For the following reasons, the Court will **OVERRULE** Ong's Objections and **APPROVE AND ADOPT** the Final R&R as the Order of this Court.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's Final R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (internal quotations marks and citation omitted). Where no objection to the Final R&R is made, it need only be reviewed for clear error. *Macort v. Prem, Inc.*,

208 F. App'x 781, 784 (11th Cir. 2006). Where objections are made, a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Ong stated five grounds for relief in his Motion to Vacate, four alleging ineffective assistance by his appointed trial counsel and one alleging ineffective assistance by his retained appellate counsel. *See* [1668 at 8-14]. In his Objections, Ong abandons two of those grounds, namely, that his trial counsel conducted an inadequate investigation and that his appellate counsel pursued the wrong issue on appeal. Because Ong has stated no specific objections to the Final R&R's recommendation that relief be denied on each of these two grounds, the Court has reviewed those portions of the Final R&R for clear error. The Court finds none.

The three grounds for relief that Ong continues to pursue in his Objections are that his trial counsel was ineffective because she did not (1) file a Rule 29 motion (challenging venue in the Northern District of Georgia), (2) argue that there was a material variance between the Second Superseding Indictment and the evidence

2

presented at trial, and (3) "actively engage[] the United States in plea negotiations." *See* [1775 at 2-4]. With respect to each of these grounds for relief, the Court has reviewed the Final R&R's findings and conclusions *de novo*.

As a preliminary matter, the Court has reviewed the record, including the trial transcripts, and finds no error in the Final R&R's summary of the evidence and procedural history of this case. *See* [1771 at 1-6]. This is significant for Ong's first and second grounds for relief, because the evidence presented by the government at trial proved (A) Ong's involvement in a conspiracy in which his co-conspirators engaged in overt acts in Atlanta (thus establishing venue for prosecution of *all* conspirators here, although Ong himself may never have come to Georgia), and (B) that there was no material variance between the Second Superseding Indictment (charging a conspiracy to distribute drugs "*in the Northern District of Georgia, and elsewhere*" [640 at 2 (emphasis added)]) and the evidence offered at trial. Although Ong may choose to interpret the evidence against him differently than the jury did, in connection with a Rule 29 motion this Court must view all the evidence in the light most favorable to the government and make all reasonable inferences and credibility choices in the government's favor. *See, e.g., United States v. Miranda*, 425 F.3d 953, 959 (11th Cir. 2005). And that evidence overwhelming indicates guilt.

3

Ong's contention in his Objections that he "would have most assuredly accepted [a] plea agreement" [1775 at 4] is a belated, self-serving declaration at odds with the record. As the Final R&R noted, "Ong's trial counsel did, in fact, attempt to engage the government in plea negotiations [1235 at 1] & 1253]." [1771 at 14]. And, after the government declined to make an offer that Ong would accept, she recommended that he plead "straight up." As Ong himself told us in his Motion to Vacate, he *refused* to follow that recommendation. *See* [1668 at 50]. In light of the record, Ong is not entitled to relief on this ground, either.

Ong also objects to the Final R&R's recommendations that (A) no evidentiary hearing needs to be held and (B) no Certificate of Appealability needs to be issued. Having reviewed these portions of the Final R&R *de novo*, the Court concludes that (A) Ong's substantive allegations with respect to his counsel's performance were "affirmatively contradicted by the record," so no evidentiary hearing was required, *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989)), and (B) reasonable jurists would not debate whether Ong stated any entitlement to relief, so no Certificate of Appealability should be issued, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4

Ong's Omnibus Motion [1657] and Motion to Vacate [1668] are **DENIED**, and a Certificate of Appealability is **DENIED**.

**SO ORDERED**, this 9th day of September, 2015.

_____
**RICHARD W. STORY, JR.**
United States District Judge

AO 72A
(Rev.8/82)